Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,203-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SNYDER LAND
MANAGEMENT, LLC

Plaintiff-Appellant

versus

BPX OPERATING COMPANY,
AETHON UNITED BR LP, PEO
HAYNESVILLE HOLDCO, LLC
AND OGM, L.L.C.

Defendant-Appellee

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 170,014

Honorable A. Parker Self, Jr., Judge

* * * * *

DOWNER, JONES, MARINO &
WILHITE, LLC
By: Philip E. Downer, III
      Michael A. Marino

Counsel for Appellant

COOK, YANCEY, KING &
GALLOWAY, APLC
By: J. Bert Babington

Counsel for Appellees,
Aethon United BR, LP;
and PEO Haynesville
Holdco, LLC

LISKOW & LEWIS, APLC
By: Michael H. Ishee

Counsel for Appellee,
BPX Operating Co.

BLANCHARD, WALKER, O'QUIN
& ROBERTS, APLC
By: Daniel J. Baker
    William Michael Adams

Counsel for Appellee,
OGM, LLC; and Third
Party Appellees, Meier
Petroleum, LLC; Ryan
Lee Pommier; and Three
M. Oil Company

PUGH, PUGH & PUGH, LLP
By: Robert G. Pugh, Jr.

Counsel for Third Party
Appellees, Cricketbox,
LLC; and Catpher, LLC

\* \* \* \* \*

Before PITMAN, STEPHENS, and ROBINSON, JJ.

**PITMAN, J.**

Plaintiff-Appellant Snyder Land Management, LLC ("SLM") appeals the district court's granting of dilatory exceptions of prematurity filed by Defendants-Appellees BPX Operating Company ("BPX"), Aethon United BR LP and PEO Haynesville Holdco, LLC ("Aethon and PEO") and OGM, LLC ("OGM"). For the following reasons, we dismiss this appeal for lack of appellate jurisdiction.

## FACTS

On April 28, 2023, SLM filed a petition for payment of production interests against Defendants. It alleged that BPX withheld royalties, overriding royalties and other production revenue due to it from oil, gas and mineral production from its mineral interests in and to lands located in Section 36, Township 16 North, Range 12 West in Bossier Parish, Louisiana. It contended that Defendants are liable for the payment of these royalties and for damages, including interest, reasonable attorney fees and costs. It requested that Defendants provide it with a full accounting of its mineral interests and revenues attributable to them.

On July 23, 2023, SLM filed an amended petition. It stated that in a June 1, 2023 letter, it provided "additional demand" onto Defendants pursuant to La. R.S. 31:137. SLM requested that Defendants provide it with a full accounting of its interest in and to each of the wells; that Defendants be ordered to correctly pay it the royalties due as well as any other sums due from the unit production; that Defendants be found liable for damages, including interest, attorney fees and costs; and that Defendants be ordered to pay all sums due, including double the amount of royalties due, legal interest and attorney fees.

In August and September 2023, BPX, Aethon and PEO and OGM all filed dilatory exceptions of prematurity. BPX and OGM also filed peremptory exceptions of no right of action. They argued that SLM failed to provide the requisite notice under the Mineral Code, specifically La. R.S. 31:137 and La. R.S. 31:212.21, prior to filing its petition. They stated that any lawsuit alleging a failure to properly pay mineral royalties or overriding royalties must be preceded by a written demand providing notice of such failure. They argued that as SLM did not provide pre-suit notice in accordance with La. R.S. 31:137 and La. R.S. 31:212.21, its claims are premature. They also contended that SLM's withholding service until after a demand was sent did not retroactively cure its failure to comply with the notice requirements. They requested that the district court dismiss SLM's claims without prejudice.

BPX also filed a reconventional demand, a cross-claim and a third-party demand for concursus, in which it named SLM, Aethon and PEO, OGM and 11 third parties as defendants-in-concursus. It noted the existence of competing claims of ownership to the minerals at issue in this case and stated that it wished to avoid the possibility of improper payment of overriding royalties. Therefore, it stated its desire to deposit the maximum amount of overriding royalties into the registry of the court and requested that all parties with conflicting claims assert their claims and that it be relieved of all further liability in connection with the funds deposited.

On November 14, 2023, the district court filed an order granting BPX leave to deposit money into the registry of the court that would be held by the clerk in concursus pending the final judgment in this matter.

2

Aethon and PEO and some of the third-party defendants-in-concursus filed answers asserting their claims to the funds deposited in the registry of the court.

On January 12, 2024, SLM filed an opposition to Defendants' dilatory exceptions of prematurity and peremptory exceptions of no right of action. It stated that it initially filed suit seeking relief for claims, i.e., for payment of production proceeds and for an accounting, to which La. R.S. 31:137 and La. R.S. 31:212.21 do not apply. It explained that it did not seek relief under these statutes until it sent demand and then filed its amended petition more than 30 days after demand. It argued that its claims are not premature and that it has a right of action for damages as provided by La. R.S. 31:140 and La. R.S. 31:212.23.

On March 21, 2022, a hearing was held on Defendants' exceptions. On May 9, 2024, the district court filed an opinion/order. It noted that although SLM argued that its original petition sought relief for claims outside the purview of the Mineral Code, its pleading contains no reference to unleased interest and, instead, amounts to a claim for unpaid royalties and/or overriding royalties. The district court stated that the notice requirements set forth in La. R.S. 31:137 and La. R.S. 31:212.21 are an indispensable prerequisite to a judicial demand for damages. Accordingly, it granted Defendants' dilatory exceptions of prematurity, dismissed SLM's petition without prejudice and determined that the peremptory exceptions of no right of action need not be considered.

On May 17, 2024, SLM filed a motion for reconsideration/motion for new trial. The trial court denied this motion.

SLM appeals.

## DISCUSSION

BPX argues that this court lacks jurisdiction over this appeal as it is not a final judgment. It explains that the district court dismissed only the claims SLM raised in its petition and amended petition, that the concursus remains pending and that the district court did not designate the opinion/order as a final judgment.

SLM argues that this court has jurisdiction over this appeal. It explains that the district court dismissed all of its principal claims and contends that La. C.C.P. art. 1915(A)(4) is applicable to this case.

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. La. C.C.P. art. 1841. It may be interlocutory or final. *Id*. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. *Id*. A judgment that determines the merits in whole or in part is a final judgment. *Id*.

A final judgment is appealable in all causes in which appeals are given by law. La. C.C.P. art. 2083(A).

A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for or may not adjudicate all of the issues in the case, under specific circumstances, including when the trial court signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by La. C.C.P. art. 1038. La. C.C.P. art. 1915(A)(4).

When a court renders a partial judgment as to one or more but less than all of the claims, demands, issues or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim,

4

or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1). In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal. La. C.C.P. art. 1915(B)(2). No appeal may be taken from a partial final judgment under La. C.C.P. art. 1915(B) until the judgment has been designated a final judgment under La. C.C.P. art. 1915(B). La. C.C.P. art. 1911(B).

A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding. La. C.C.P. art. 4651. Each defendant in a concursus proceeding is considered as being both a plaintiff and a defendant with respect to all other parties. La. C.C.P. art. 4656.

The May 9, 2024 order/opinion adjudicates fewer than all of the claims between the parties—the concursus proceeding remains pending. The district court did not designate this partial judgment as final in accordance with La. C.C.P. art. 1915(B)(1); and it is, therefore, not a final, appealable judgment. *See In re Noble*, 54,642 (La. App. 2 Cir. 9/21/22), 349 So. 3d 101.

Notably, in its May 17, 2024 motion for reconsideration/motion for new trial, SLM suggested that the order/opinion is not a final judgment but, rather, is a partial final judgment due to the effect of the concursus proceeding. Although SLM contends on appeal that La. C.C.P.

5

art. 1915(A)(4) applies, making the order/opinion a final judgment, the exceptions and concursus proceeding have not been tried separately as provided by La. C.C.P. art. 1038.

Accordingly, we dismiss this matter, without prejudice, for lack of appellate jurisdiction and remand it to the district court for further proceedings. We will not address the merits of SLM's assignments of error regarding the district court's granting of Defendants' dilatory exceptions of prematurity.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal without prejudice for lack of appellate jurisdiction and remand for further proceedings. Costs of this appeal are assessed equally between Plaintiff-Appellant Snyder Land Management, LLC, and Defendants-Appellees BPX Operating Company, Aethon United BR LP and PEO Haynesville Holdco, LLC, and OGM, LLC.

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED.**